JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-08440-MWF (AGRx) | **Date:** December 3, 2025 |
| **Title:** Joshua Pelico v. Walmart Inc. et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

Before the Court is Plaintiff Joshua Pelico's Motion to Remand (the "Motion"), filed on October 10, 2025. (Docket No. 11). Defendant Walmart Inc. ("Walmart") filed an Opposition on October 20, 2025. (Docket No. 12). No Reply was filed.

The Court has read and considered the papers on the Motion and held a hearing on **December 1, 2025**.

The Motion is **GRANTED**. The Court concludes that Defendant Monica Garcia is not a "sham defendant" and Garcia's presence must be considered for determining diversity. Because Garcia's presence eliminates complete diversity among the parties, the Court lacks subject-matter jurisdiction over the action.

## I. BACKGROUND

Plaintiff commenced this action in Los Angeles County Superior Court on July 31, 2025, against Defendants Walmart and Monica Garcia. (*See generally* Complaint (Docket No. 1-1)).

Plaintiff alleges that he was terminated from his position as an overnight stocker at the Stevenson Ranch Walmart after being absent from work due to a medically ordered quarantine for potential measles. (*Id.* ¶¶ 8–9, 46). During that time, Garcia was the Stevenson Ranch Walmart's "People Lead" and Human Resources Manager. (*Id.* ¶ 29). Plaintiff alleges that he attempted to contact Garcia during his absence but

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-08440-MWF (AGRx) | **Date:** December 3, 2025 |
| **Title:** Joshua Pelico v. Walmart Inc. et al | |

that his calls were ignored, and he was unable to properly document his medical absence. (*Id.* ¶¶ 17–18, 33–36). Plaintiff also alleges that once he eventually reached Garcia, Garcia did not request or provide means for Plaintiff to submit documentation. (*Id.* ¶¶ 35–36). Plaintiff was terminated on July 6, 2025, by his direct supervisor, Ryan Valez. (*Id.* ¶¶ 19, 39).

Based on these allegations, Plaintiff alleges the following nine claims for relief: (1) Wrongful Termination in Violation of Public Policy; (2) Discrimination Based Upon Disability in Violation of FEHA (Cal. Gov. Code § 12940); (3) Failure to Engage in Good Faith Interactive Process (Cal. Gov. Code §§ 12926.1(e), 12940(n)); (4) Failure to Reasonably Accommodate Known Disability (Cal. Gov. Code § 12940(m); (5) Unlawful Retaliation in Violation of FEHA; (6) Failure to Prevent Discrimination, Harassment, and Retaliation (Cal. Gov. Code § 12940(k); (7) Violation of Cal. Labor Law Code §§ 6310, 6311; (8) Common Law and Statutory Slander and Libel (Cal. Civ. Code §§ 43, 45, 46(3); and (9) Violation of Unfair Business Practices Act (Cal. Bus & Prof. Code § 17200 *et seq.*). (*See generally* Complaint). Plaintiff asserts that only the last three claims are brought against Garcia herself. (*See* Declaration of Brian I. Vogel (Docket No. 11-1) ¶¶ 13–14).

On September 5, 2025, Walmart removed this action based on the Court's diversity jurisdiction. (Notice of Removal ("NOR") ¶ 6 (Docket No. 1)). Walmart states in its Notice of Removal that, excluding Garcia, who is a citizen of California, there is complete diversity of citizenship because Plaintiff is a citizen of California and Walmart is a citizen of Arkansas and a Delaware corporation. (*Id.* ¶¶ 10–13). Walmart argues that Garcia should be disregarded because she was only named to create a fraudulent joinder. (*Id.* ¶¶ 13–14).

Plaintiff, arguing that Garcia's inclusion cannot be disregarded as a fraudulent joinder, seeks to remand this action back to Los Angeles County Superior Court. (Motion at 3).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-08440-MWF (AGRx) | Date: December 3, 2025 |
| Title: Joshua Pelico v. Walmart Inc. et al | |

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted section 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citation omitted). A joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV 15-2846-SVW (ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that settled law obviously precludes the liability against the nondiverse defendant.").

The Court may look to affidavits and other evidence to determine whether the joinder is a sham but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the plaintiff. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). There is a heavy burden on a defendant, as "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,* 494 F.3d at 1206. "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Smith v. Allstate Ins. Co.*, No. CV 10-0407-SI, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010) (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-08440-MWF (AGRx) | Date:  December 3, 2025 |
| Title:     Joshua Pelico v. Walmart Inc. et al | |

Here, Plaintiff asserted a defamation claim against Garcia.  To state a *prima facie* case for defamation under California law, Plaintiff must allege facts that show Garcia made "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."  *Taus v. Loftus*, 40 Cal. 4th 683, 720, 54 Cal. Rptr. 3d 775 (2007).  Publication is communication of the allegedly defamatory statement "to a third person who understands its defamatory meaning as applied to the plaintiff."  *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242, 7 Cal. Rptr. 3d 576 (2003).

Plaintiff alleges that Garcia made false statements in recording and relaying that his termination was for "excessive attendance violations" despite having valid medical documentation.  (Complaint ¶¶ 125–26).  He contends that Garcia "would have been directly involved in characterizing the reason for termination and documenting it in employment records."  (Motion at 5).

Walmart makes essentially two arguments attacking Plaintiff's defamation claim: (1) that Plaintiff does not sufficiently allege certain elements of defamation, including publication and falsity; and (2) that any such defamatory statements would be nonactionable under the common-interest privilege.  (Opp. at 5–10).

Walmart first argues that Plaintiff fails to sufficiently allege the elements of defamation, particularly publication and falsity.  (Opp. at 5–8).  But merely showing that an action is likely to be dismissed against the resident defendant does not demonstrate fraudulent joinder.  *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).  Even though Walmart may be correct that Plaintiff's Complaint does not identify any specific statement made by Garcia or to whom it was made, Walmart fails to establish that Plaintiff could not cure any potential deficiency in a future amendment.  *See id.* (instructing courts to consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").

At the hearing, Walmart also emphasized that the allegations underlying the defamation claim are directed only to "Defendant Employer" — *i.e.*, to Walmart rather than Garcia.  (*See, e.g.*, Complaint ¶¶ 115–116).  But the claim itself is directed to "all

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-08440-MWF (AGRx) | **Date:** December 3, 2025 |
| **Title:** Joshua Pelico v. Walmart Inc. et al | |

Defendants" (*see id.* at 23), and, again, this point merely goes to the sufficiency of the allegations, which could well be cured on amendment.

Walmart also argues that Plaintiff's defamation claim is barred by the common-interest privilege codified in California Civil Code section 47(c). (Opp. at 8–10). However, "[t]he common-interest privilege is a fact-intensive inquiry — it requires asking, among other things, whether the statement at issue was made with malice." *Scott v. Wal-Mart Assocs., Inc.*, No. CV 25-01405-FWS (DTBx), 2025 WL 2027871, at *3 (C.D. Cal. July 21, 2025) (remanding action despite Walmart's argument that common-interest privilege barred defamation claim against non-diverse individual defendant). At this stage, where all factual disputes are resolved in Plaintiff's favor, the Court cannot conclude that Plaintiff could not possibly allege facts demonstrating malice on amendment. *See id.* (remanding action despite only "speculative" allegations of malice unlikely to overcome common-interest privilege).

Fundamentally, arguments like Walmart's "are better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal." *Hill v. Airgas USA, LLC*, No. CV 23-9063-JFW (RAOx), 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023). And courts in this district routinely reject fraudulent joinder arguments in employment actions where plaintiffs allege a defamation claim in relation to their employment. *See, e.g.*, *Scott*, 2025 WL 2027871, at *3; *Hill*, 2023 WL 9005648, at *2; *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1244–46 (C.D. Cal. 2015); *Tipton v. Walmart Inc.*, No. CV 21-02952-ODW (JPRx), 2021 WL 1561462, at *2 (C.D. Cal. Apr. 20, 2021); *Johnson v. Wells Fargo & Co.*, No. CV 14-06708-MMM (JCx), 2014 WL 6475128, at *5–12 (C.D. Cal. Nov. 19, 2014).

The Court agrees with the reasoning of these cases and concludes that Walmart has failed to overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (internal quotation marks omitted). Because "there is a possibility that a [superior court] would find that the complaint states a cause of action against" Garcia for defamation — *i.e.*, that it would not sustain a demurrer as to Garcia **without** leave to amend — the Court "must find that the joinder was proper and remand the case." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-08440-MWF (AGRx)     **Date:** December 3, 2025

**Title:** Joshua Pelico v. Walmart Inc. et al

(internal quotation marks omitted).  Having so concluded, the Court will not proceed to evaluate the two other claims against Garcia.

    Accordingly, the Motion is **GRANTED** and the action is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

    IT IS SO ORDERED.